BAKER & *a., Ap'ts,* v. SMITH, *Ap'lee.*

A married woman cannot, by a gift *causa mortis,* so dispose of her estate as to deprive her husband of his distributive share therein.

PROBATE APPEAL. Facts agreed. Alice G. Smith, the wife of the appellee, during her last sickness and in expectation of death, made a gift, duly evidenced in writing, of all her personal estate to the appellants as trustees, upon condition that it should take effect only upon her death, and in the presence of three witnesses delivered the property, the gift of which was intended, into the hands of the trustees, to be by them taken and held as a gift

*causa mortis*, and divided equally after her death among her children and grandchildren.

The property so delivered was received by the trustees, and the gift accepted by them. The trustees, seasonably, under Gen. Laws, *c.* 193, *s.* 17, petitioned the probate court to approve the gift, and to authorize them to deliver the property to the donees named. The probate court denied the petition.

*Bingham, Mitchell & Batchellor*, for the appellants.

*J. L. Wilson*, for the appellee.

BLODGETT, J. "Any married woman of full age and of sane mind, having estate in her own right, may give, devise, and dispose of the same by will in writing, executed with the formalities required by law in other cases  .  .  .  ; but no such will shall impair the rights of the husband in such estate, or his rights to a distributive share thereof." G. L., *c.* 183, *s.* 11. "The husband of any person deceased, in case she dies intestate, or in case she dies testate and no provision is made for him in her will, or he shall waive such provision, shall be entitled to one third of all her personal property after the payment of debts and expenses of administration, when she shall leave surviving her any child or the issue of any child; but if she shall not leave surviving her any child or the issue of any child, then he shall be entitled to one half of her personal property, after payment of debts and expenses as aforesaid. But this shall not be construed to give him any allowance out of her personal estate." G. L., *c.* 202, *s.* 15. A married woman cannot therefore take her personal estate out of the operation of the statutes of distribution by means of a will so as to deprive her husband of his statutory distributive share thereof; and what she cannot do in this respect by a will, she cannot do by another form of testamentary disposition through a *donatio causa mortis*, " which is of the nature of a legacy," and " becomes a valid gift only upon the decease of the donor." *Jones* v. *Brown*, 34 N. H. 439; *Cutting* v. *Gilman*, 41 N. H. 147, 151; *Kenistons* v. *Sceva*, 54 N. H. 24, 37. But while such a gift cannot affect the husband's rights, it is valid as to other persons, and may be established by a decree of the judge of probate, which should, however, contain a clause expressly excepting the husband's rights from the operation of the decree.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.